## GAFFNEY v. WOOD.

1. DEEDS—DAMAGES—RENTS—RAILROADS.—Upon the construction that a deed conveying to a railroad corporation certain lands "forever for railroad and depot purposes," carries the fee and right of possession to the corporation, and that leasing parts of such lands as are not now used by the corporation to others, who erected thereon buildings and used them for other purposes, was a breach of the condition running with the land, the lessees are not liable to original grantors for rental value, but for such damages as naturally and proximately result from the breach, and the measure is ordinarily the amount which the adjacent lands of grantor would have been increased in value if contract had been complied with.

2. COSTS.—In an action to declare breach of a covenant running with land and for injunction, holding by trial Judge that one defendant should pay costs, affirmed, except that the order is limited to costs accrued to its date and that it should not include costs thereafter accrued in litigation between other parties to the suit in which this defendant was not interested.

Before ALDRICH, J., Cherokee, January, 1903.; PURDY, J., March, 1905, and TOWNSEND, J., June, 1905.    Modified.

Action by Jno. M. Gaffney *et al.* against A. N. Wood *et al.* From the Circuit decrees the defendants, A. N. Wood, W. O. Lipscomb, Smith Hardware Co., as a partnership and as a corporation, W. H. Smith, J. A. Carroll, W. C. Carpenter, T. G. McCraw, Carroll & Carpenter, Wood & Lipscomb and Railway Companies, appeal.

*Messrs. Butler & Osborne* and *J. C. Jeffries,* for appellants other than railway companies, cite: *Appellants are not liable for rental value:* 42 S. C., 528; 23 Ency., 2 ed., 699; Code 1902, 2447.

*Mr. C. P. Sanders,* for railway companies, appellants, cite: *Proceeding with reference without objection on part of respondents waives right to claim liability of rents against these appellants:* 32 S. C., 317; 2 Rich., 10; 31 S. C., 427; 50 S. C., 397; 51 S. C., 317.

*Messrs. N. W. Hardin, Hart & Bell, Hall & Willis* and *Stanyarne Wilson,* contra.    *Mr. Hardin* cites: *Use of land other than for railroad purposes was for benefit of grantors:* 60 S. C., 390; 31 N. J. L., 429; Sed. & Wait. on Trail of Title to Land, secs. 80, 134; 104 Mass., 116.    *Record of deed gave notice to defendants of their liability:* 52 S. C., 224; 34 S. C., 559; 53 S. C., 31.    *Defendants are liable for rental value:* 60 S. C., 390; 16 S. C., 470; 2 Strob. Eq., 160; 42 S. C., 536; Adams on Eject., 4 ed., 459.    *And until day of trial:* 1 Mill., 137; Sed. & Wait. T. T. to Land, sec. 664.

## STATEMENT OF FACTS.

This action was begun on December 30th, 1901, by John M. Gaffney, Joseph W. Gaffney, L. Victor Gaffney and J. F. Gaffney, plaintiffs against (1) Air Line Railroad Company in South Carolina, the Atlanta and Richmond

Air Line Railway Company, the Atlanta and Charlotte
Air Line Railway Company, the Richmond and Danville
Railway Company, the Southern Railway Company; (2)
A. N. Wood, Wm. Phillips, J. C. Lipscomb and W. O.
Lipscomb, partners doing business as J. C. Lipscomb &
Bro.; W. H. Smith, J. A. Carroll and W. C. Carpenter,
partners heretofore doing business as the Smith Hardware
Company; Smith Hardware Company; J. A. Carroll and
W. C. Carpenter, partners doing business under the firm
name of Carroll & Carpenter; J. A. Carroll and Fred. G.
Stacy, partners heretofore doing business as Carroll & Stacy;
the National Bank of Gaffney; (3) J. J. Scruggs, Elizabeth
Scruggs Davis, Maggie Scruggs, Nettie Montgomery, the
devisees or heirs of J. M. Mills, deceased, names, ages and
residences to the plaintiffs unknown; Jno. Mills, C. C. P.
Henderson, T. E. Gaffney, W. W. Gaffney, Bessie V. Tolle-
son, Paul V. Gaffney, L. Victoria Gaffney, H. L. Spears,
Lois Spears, A. V. Montgomery, M. J. Robinson, A. E.
Johnson, J. E. Gaines, H. M. Gaffney, James J. Gaffney,
S. A. Nance, L. D. Wilkins, J. H. Gaffney, Clarence Gaff-
ney, Mildred Drake, Russell Gaffney, Dudley Gaffney, Lo-
gan Gaffney, Emma Gaffney, R. M. Gaffney, Sue Litton,
Eugenia Martin, Rosa Gaffney; the children of J. P. Gaff-
ney, names and ages to the plaintiffs unknown; the devisees
or heirs of J. E. Gaffney, deceased, names, ages and resi-
dences to the plaintiffs unknown; Frank B. Gaffney, Jane
Moore, Elizabeth Sarratt, Junius Gaffney, Ella Sanders,
S. S. Gaffney, Marcus L. Gaffney, Ida Gaffney, Mira A.
Gaffney, Messinia Gaffney, Chas. H. Gaffney, J. Adolphus
Gaffney, Mary Ellen Little, Elizabeth Ross, Wm. S. Gaff-
ney, Etta Ross, Helen Bryant, Lou Haas, Clara Hames,
J. S. Northey, Edna Northey, Almon Northey, Leona Nor-
they, Clyde Northey, Minnie Northey, Robert Northey, Jo-
seph Northey, Pearl Northey, Virgie Northey, Frank Nor-
they, Daisy Northey and Samuel Jeffries; and (4) T. G.
McCraw, L. G. Byars, E. C. Byars, Bessie Sparks and Jno.
W. Gaffney, defendants.

Of these, A. N. Wood, W. O. Lipscomb, Smith Hardware
Company, both as a partnership and as a corporation; W. H.
Smith, J. A. Carroll, W. C. Carpenter, T. G. McCraw, and
the firm of Carroll & Carpenter, and Wood & Lipscomb,
Southern Railway Company and the Atlanta and Charlotte
Air Line Railway Company, are appellants. Wm. Phillips
has paid the amount adjudged against him. The complaint
was dismissed as to the National Bank of Gaffney, Carroll
& Stacy, partnership, and L. C. Byars, E. C. Byars and
Bessie Sparks. The remaining defendants, except the rail-
road companies, are in interest with the plaintiffs, and are
respondents.

Michael Gaffney died testate in 1851, seized and possessed
of the lands mentioned in the complaint with other con-
tiguous lands, which he devised to his wife for life with
remainder to his children.

On July 30, 1870, the executors of Michael Gaffney, de-
ceased, and Mary Gaffney, the wife and life tenant, executed
a deed to the Atlanta and Richmond Air Line Railway Com-
pany, its successors and assigns, "for railway purposes for-
ever in fee simple," a strip of land two hundred feet wide
running through the tract formerly belonging to the estate
of Michael Gaffney, in consideration of five dollars and the
benefit and advantage accruing by the construction of the
said railroad. The track of said railway company was con-
structed through the center of the strip in 1872. On July
18, 1873, the said life tenant and remaindermen executed a
deed to the said railway company, its successors and assigns,
"forever, for railroad and depot purposes," conveying a tract
containing five and one-half acres lying on the north side
of said railroad track, overlapping and including the north-
ern half of the strip of land conveyed in 1870 for about
eight hundred feet. The recited consideration was "five
hundred dollars and the benefit which we expect to derive
from the location of a depot on said land." The depot at
Gaffney, S. C., was located and built upon this tract.

Subsequently, under leases from the grantee railway com-

pany or successors in interest, some of the defendants, J. C. Lipscomb & Bro., the Smith Hardware Company, a partnership, the Smith Hardware Company, a corporation, Carroll & Carpenter and T. G. McCraw occupied portions of said premises, erecting thereon certain buildings which they used for storage or mercantile purposes for a number of years.

The plaintiffs representing the grantors in said deed claiming an interest in the premises by reason of the restrictions on the use contained in said deed and contending that the occupancy of part of the premises was in breach of contract and limitations, brought this action for relief. praying that all the lands described above not necessary for railroad purposes be sold and the proceeds paid to the parties in interest; that the defendants occupying said premises be restrained from interfering with the buildings except such as are being used for railroad purposes and for an accounting for the rental value of the premises so occupied, and in default of such accounting for judgment against the defendant railway companies for fifteen thousand dollars as the aggregate of the rental value of said lands.

After the pleadings were in by a consent order signed by Judge Gage, it was referred, May, 1902, to G. W. Speer as referee "to take the testimony in the above stated case upon the questions of title and rights of plaintiffs and of defendants, or either of them, to the land described in the complaint and upon the question whether plaintiffs are entitled to recover same of defendants or either of them." The order further providing that "all questions arising or growing out of the case except the questions of title aforesaid and the right of plaintiff to recover the land or any right therein, be reserved without prejudice to either party until after the questions of title and right of the plaintiffs in the land is determined."

Judge Aldrich heard the cause upon the report of the referee and on January 15, 1903, filed his decree, holding in brief:

That the railway company had a right to buy the lands in question and took no more than was necessary for the purposes; that the land was deeded to the railway company in fee simple forever for railroad and depot purposes; that plaintiffs were not entitled to recover any portion of the land or its possession or the buildings thereon, but that the defendant occupants were entitled to the buildings erected by them under license by the railway company and could remove them; that the defendants had not injured the land; that the railway company had no power to use or lease any part of said premises for other than railroad or depot purposes; that the occupancy of them by defendants was unlawful; that defendant railway companies be enjoined from permitting the use and the defendant occupants from using said premises for other than railroad and depot purposes, and that said buildings be removed; that the plaintiffs recover of the defendant occupants "the rental value of the land (the ground rent) occupied by them; that it be referred to a special referee to take testimony and report as to the amounts due as rent by the defendants;" that in all other respects the complaint be dismissed and that the Southern Railway Company pay the costs of the action. The special referee, W. W. Lewis, took testimony under this order and reported as to the amounts of the rental value, construing Judge Aldrich's order as requiring defendants to pay the fair rental value of the lands for the uses and purposes to which they have put the premises during the period of their occupancy. Judge Purdy by his decree of March 25, 1905, overruled the exceptions of defendant occupants to the report, concurred with the referee in his construction of the order of Judge Aldrich, but referred it again to the referee to take testimony and report the respective periods of occupancy by the several defendants, computing the rental value from a period of six years before the commencement of the action up to the date of the termination of the respective occupancies. The referee made his second report finding that the parties ceased to occupy the premises as follows: Wood and Lipscomb,

March 31, 1903; Smith Hardware Company, March 21, 1903; Carroll & Carpenter, March 1, 1903; T. G. McCraw, December 31, 1901; and accordingly reported that Wood and Lipscomb should account for rental value for a period of seven and one-sixth years, at $185.83 per year, or $1,-325.83; that the Smith Hardware Company partnership should account for rental value for four years, at $125 per year, or $500; that Smith Hardware Company corporation should account for rental value for three and one-sixth years, at $125 per year, making $395.83; that Carroll & Carpenter should account for rental value for seven and one-sixth years, at $60 per year, making $430; and by his report first filed, the referee found that T. G. McCraw should account for rental value for six years, at $12 per year, making $72.

Judge Townsend by his decree of June 3, 1905, over-ruled exceptions, confirmed the report of the referee and gave judgment accordingly.

The plaintiffs and those defendants in like interests with them have taken no exception to any of the decrees mentioned.

May 4, 1906.  MR. JUSTICE JONES, after the foregoing statement of facts, delivered the opinion of the Court.

The defendant occupants, represented by Messrs. Butler & Osborne and J. C. Jeffries, appeal from the orders of Judges Aldrich, Purdy and Townsend on numerous exceptions.  These exceptions will not be noticed in detail, as in our view they are controlled by the question whether Judge Aldrich erred in adjudging defendant occupants liable for "the rental value (ground rent) of the premises occupied by them."  If Judge Aldrich was right in this, then we think his order was properly construed by the referee and Judges Purdy and Townsend, and that their rulings and conclusions were in accordance with the principles of that decree, which they had no right to review.

The vital question, then, is presented by appellants' second exception to the decree of Judge Aldrich charging error,

"In holding that these defendants were liable to plaintiffs and those in interest with them in any way whatever, and especially for rental value, the pleadings and evidence showing that the land so occupied had been deeded in fee simple to the railroad company for 'railroad and depot purposes,' and that the fee in said land was in the railroad company, leaving no interest whatever in plaintiffs and their grantors, save only the right to prevent a use different from that mentioned in said deed; that the provision 'for railroad and depot purposes' contained in said deeds was nothing more than a covenant running with the land, or a condition subsequent, and his Honor should have so held, and should have held that a breach thereof by the railroad company by allowing defendants to use said lands for other than 'railroad and depot purposes,' would not entitle the plaintiffs to recover rents or rental value from these defendants, but at most would only entitle plaintiffs to enjoin such use, and bring an action for damages for a breach of such covenant against the railroad company."

The restrictions on the use of the premises to "railroad and depot purposes," if effective, must be construed either as a condition subsequent involving forfeiture of the fee on breach of the condition, or as a covenant running with the land for breach, of which parties interested may recover damages in an action at law or may enjoin such breach in equity, and then recover such damages as Court may properly award.

The effect of the decision of the Circuit Court was not to treat the use of the premises for other than railroad purposes as the breach of a condition subsequent, but as the breach of a covenant running with the land, binding upon the grantee by the acceptance of the deed and the premises so conveyed. The Circuit Court held the fee and right of possession to remain in the railway company, and this conclusion is not excepted to by any one, and is, therefore, the law of the case. This utterly destroys any basis for holding defendants liable to pay plaintiffs the rental value of the lots occupied by them,

as the claim for rents and profits or rental value depend upon the claimant's right to the fee or possession of the land. The present case is distinguishable from the case of *Ragsdale* v. *Ry.,* 60 S. C., 381, 38 S. E., 609, as that was an action for damages by the owner of the fee against parties using the property in violation of his rights as such owner. The rental value of the premises occupied cannot be treated as the measure of damages that should be awarded plaintiffs. Such restrictive agreements as to the use of property by some Courts are treated as equitable easements, by other Courts as equities simply. As indicated by the recitals in the deeds there is little doubt that the grantors in said deeds intended the restriction on the use of the premises conveyed as a benefit to the remainder of the lands held by them. In such cases in an action for the breach of the covenant, the damages should be such injury as naturally and proxi-mately resulted from the breach, and the measure of such damages is ordinarily the amount which the adjacent lands of plaintiff would have been increased in value if the con-tract had been complied with. *Louisville &c R. R. Co.* v. *Neafus,* 93 Ky., 54; *Mobile & Montgomery Ry. Co.* v. *Gil-mer,* 85 Ala., 436. But the plaintiffs, neither in their com-plaint nor evidence, seek any such damages, but throughout have sought to recover rental value of the premises occupied, which theory as already shown cannot be maintained. At most, the evidence shows merely nominal damages involved in the breach of contract.

This conclusion makes it necessary to reverse the decree of Judge Aldrich in so far as it made the defendant occu-pants account for the rental value of the lots respectively occupied by them and as a necessary consequence to reverse the subsequent orders of Judges Purdy and Townsend based thereon and carrying the same into effect.

The defendant railway companies except only to the de-cree of Judge Aldrich, making them liable for the costs of the action, contending that if liable for costs at all they

should not be held liable for the costs which accrued
after the decree of Judge Aldrich and in the litiga-
tion between plaintiffs and defendant occupants as to
the matter of rents. We will not disturb the order of Judge
Aldrich in so far as it makes defendant railway company
liable for the costs of the action up to the filing of the decree,
but do not think it just to make the defendant railway com-
pany chargeable for any costs which have accrued since the
filing of the decree in the litigation between plaintiff and
defendant occupants over the matter of rents, and in this
respect we also modify the decree of Judge Aldrich.

It is the judgment of this Court, that the decree of Judge
Aldrich herein be modified in the particulars stated in this
opinion, but that it be affirmed in all other respects, and
further, that the orders of Judges Purdy and Townsend be
reversed.